Jones, Chief Judge,
dissenting:
The plaintiff on motion for new trial earnestly insists that the court erred in holding that the orders, dated October 25, 1946, announcing Colonel Cravens’ retirement effective October 31, 1946, were valid and effective. The chief basis for this position is the claim that this order of retirement was ineffective due to the wording of a previous regulation.
The order for retirement was issued pursuant to R. S. § 1245 and R. S. § 1251, which are as follows:
Sec. 1245. Retirement wholly from service or from active service only. — When any officer has become incapable of performing the duties of his office, he shall be either retired from active service, or wholly retired from the service, by the President, as hereinafter provided.
Sec. 1251. Disability found by retiring board to be incident of service. — When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of service, and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers.
It will be noted that the provisions of R. S. § 1251 are clear, concise and mandatory. Regulation 600-115 and WD Circular 116 were to some degree in conflict, but however they may be construed, they could not serve to take away from the Secretary of War the authority which he had, and in his discretion saw fit to exercise, to follow the plain provisions of the quoted sections of the Revised Statutes.
All legislative authority is lodged in the Congress. Any regulation must be within the framework of the authorizing statute. Insofar as it goes beyond it is ineffective. Certainly no regulation can serve to repeal or modify a specific act of Congress.
If we were to hold that the regulation prevailed over the authority granted by R. S. § 1251, then so long as the officer remained in the hospital even though it might be a period of years, the department could not retire him under the regulation, even though completely disabled. Suppose for example he remained in the hospital for ten years, the only way such a retirement could be effected would be to repeal or modify the regulation, or to remove the disabled officer *432 from the hospital. I am unable to so construe the law, or to accept the doctrine that by issuing a mere regulation the Secretary can circumscribe or abdicate the power and authority conferred upon him by an act of Congress. Nor do I believe that the possibility that he may later amend that regulation justifies the holding that the regulation in the first instance was fully effective.
I agree thoroughly that regulations authorized by a statute, and reasonably within its framework, have all the force and effect of law. But to the extent that such a regulation seeks to go beyond and supersede a statutory provision it is ineffective.
The plaintiff further claims that the action in retiring Colonel Cravens was discriminatory in that it singled him out and was therefore not a uniform application of procedure in these matters. The fact remains, however, that the provisions and authority of the statute applied not only to Colonel Cravens, but to any other officer of the Army when the findings of the board were made. The Secretary of War could take the same action in reference to any officer when the findings justified it. Any order of retirement applies only to the person affected and is therefore a special order applying to the single officer, but is taken under the general authority conferred by statute. Any time any officer is retired whether under a statute, or under a regulation issued pursuant to a statute, it is by special order applicable to that officer and to no one else.
It appears from the facts of this case that the effective date of the order of retirement might well have been deferred, but this was a matter that was within the discretion of the authorities who were acting pursuant to the provisions of the Bevised Statutes. It is not within our province to substitute our judgment for that of the officers who made the decision. I feel that we have no basis for holding that their action was an abuse of discretion.
This view of the case gives full effect to Section 4 b of AB 600-115. Section 4 b was of general application to “military personnel hospitalized while on leave” while Section 15 of AB 600-115 was of specific application only to those on leave “prior to separation from active duty.” The *433 purpose of Section. 4 b was to make certain that a military patient would not suffer loss of leave credit for his period of hospitalization.
In our opinion dated February 5, 1952, this day vacated, no deduction was made in leave credit due Colonel Cravens at the time of his retirement on October 31,1946, for the period of his hospitalization beginning October 8,1946. From that date to October 31,1946, his status was that of “sick in hospital” — not a leave status. The provision of Section 4 b (2) that a patient was to revert to leave status upon release from the hospital is clearly and necessarily applicable only to those persons who have not been discharged or retired previously. Surely Section 4 b (2) cannot be made the source of a requirement that no such discharge or retirement could be effected prior to release from the hospital.
Thus the purpose of Section 4 b has been fully served.
The authorities cited are inapplicable to the facts of this case.
Section 1251 of the Bevised Statutes directs that when the decision of a retiring board has been approved by the President the officer concerned “shall be retired from active service and placed on the list of retired officers.” That statute was in no way modified or repealed by the Leave Act of 1946, nor did the Leave Act of 1946 in any way modify or repeal the affirmative statutory duty and authority conferred by Section 1251 of the Bevised Statutes.
The Leave Act of 1946, Section 3, does provide for the issuance of certain regulations for the administration of leave under that act. It is axiomatic that such regulations must be within the framework of that act, reasonable in scope, and must not in any way contravene any statutory enactment, including Section 1251 of the Bevised Statutes. It is immaterial in determining the validity of AB 600-115 that it later may have been and was in fact amended. The possibility that an amendment to an unconstitutional statute will make it constitutional will not make the unamended statute valid in the first instance, and so also with regulations.
Such a purported suspension of the clear and unequivocal statutory authority of B. S. § 1251, if effective, would also have been in direct and complete disregard of the equally *434 clear and unequivocal duty, mandatory under the statute, to effect the retirement of men such as Colonel Cravens once the board has made its findings and they have been approved by the President. I must conclude, therefore, that to the extent that AE 600-115 purported indefinitely to suspend the statutory authority and to prevent the performance of the statutory duty to retire Colonel Cravens under E. S. § 1251, the regulation AE 600-115 was ineffective. Colonel Cravens was therefore legally retired under the authority of E. S. § 1251, effective October 31,1946. For these reasons I would overrule plaintiff’s motion for a new trial.
I am authorized to state that Judge Littleton joins with me in the foregoing dissent.